The next case on our docket is United States v. Rascoll Has Hayes showed up? Good morning, Your Honors. I don't believe that counsel for Mr. Rascoll is here. Okay, and are you counsel for the government? I am. I'm Stacey King. Okay, I'm going to ask the courtroom again. Is Tracy Hayes in the court? Okay. So, counselor, you've got time. Do you want to make your argument? Thank you, Your Honor. Good morning. May it please the court, I'm Stacey King on behalf of the United States. The district court did not commit error, let alone plain error, in imposing the special conditions for inpatient or outpatient mental health and substance abuse treatment in this case. The record contains numerous repeated consistent base deeds for the imposition of these special conditions. The need for mental health treatment is clear and obvious from the record. It was discussed extensively in sentencing. Can I ask, in reading the condition, do you understand it to mean that either inpatient or outpatient treatment must be imposed, and then probation makes recommendation to the court as to one of them, and then the court has to approve it? Or is it up to probation to recommend, should they think it appropriate, any treatment, and then further, whether it's inpatient or outpatient? I understand the condition that the court would approve mental health treatment, whether it be an inpatient program or an outpatient program. The recommendations for the selection of the provider would be up to probation. And the recommendation for whether inpatient or outpatient is appropriate may also be recommended, but it's the court that retains the authority to determine the treatment and whether the program is inpatient or outpatient. So, it was discussed, the need for mental health treatment was discussed extensively at the sentencing, including advocacy by counsel for defense and by the experts that inpatient treatment would be appropriate for Mr. Brownsville. In fact, defense counsel asked for inpatient treatment in lieu of still prison, but asked for inpatient mental health treatment. And the recommendation of the expert explained why both mental health treatment and substance abuse treatment needed to happen together. Notably, in Mr. Brownsville's first, at the sentencing, the court agreed in part by ordering this condition, the Mental Health Condition and the Substance Abuse Condition, and critically provided as approved by the court. But one of them, it might not even be right, right? I mean, he hasn't been put inpatient, so really we're just trying to figure out whether or not the outpatient was an improper delegation. And you say that it's not because the court has to approve it. That's correct. And the case law of this court supports that. In the Myers case, we see that where the approved by the court or with the consent of the defendant has been approved in the case law under the Myers case. Also, as you know, and we saw from the Traficante case, we don't know that this is going to happen. Judge Julie, the district court has been very deliberative and conducted multiple hearings where she's carefully individually assessed the treatment that Mr. Raskel has been engaging in and whether it's getting at the root cause for misconduct on the original offense and on violation. And so as a result of those individualized assessments, we see that the court is very carefully assessing the need. And at this point, it hasn't been ordered yet, and we don't know if it ever will. And that's precisely where Traficante would say that it is an abstraction that hasn't happened yet. And we don't know that it won't, if it ultimately does, that the court won't do the procedures under Rule 32.1 and won't make even more findings on the record that are particularized with regard to is it's termination down the road about the appropriateness and necessity of inpatient. But none of that has happened yet. And so it is, at this point, an abstraction as contemplated on the Traficante case. Accordingly, we would ask the court to affirm the judgment of the district court in this matter. And I'm happy to answer any questions the court may have. Thank you so much. We'll take the case under advisement.